

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2005

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1999

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chen v. Atty Gen USA" (2005). *2005 Decisions.* Paper 320.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/320

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1999
_____

ZHU CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A78 203 301)
_____

Submitted Under Third Circuit LAR 34.1(a)
SEPTEMBER 6, 2005

Before: ALITO, SMITH AND COWEN, CIRCUIT JUDGES

(Filed: October 28, 2005)
_____

OPINION
_____

PER CURIAM

Zhu Chen, a citizen of China, seeks review of an order of the Board of

Immigration Appeals (BIA), denying his motion for reconsideration.  For the following

reasons, we will deny the petition for review.

Chen entered the United States without permission in May 1999. He appeared before an Immigration Judge (IJ) and conceded that he was removable, and applied for relief from removal on account of political opinion, i.e., opposing China's population control program. The IJ denied all relief and ordered Chen removed to China. The BIA affirmed without opinion on March 24, 2004. In October 2004, Chen filed a motion to reopen proceedings, which the BIA denied as untimely in December 2004. Chen then filed a motion for reconsideration, which the BIA denied for failure to state any basis for reconsideration. Chen now petitions for review.

Initially, we must decide whether to strike Chen's appendix, as the Government moves us to. According to the Government, Chen has improperly included documents in his appendix which are outside the administrative record, a certified copy of which has been filed with the Court. A review of Chen's appendix reveals that it consists almost entirely of copies of documents from the administrative record or previous filings to this Court. Chen has also included copies of five photographs purporting to be "photos of practicing Falun Gong," which are not part of the record.

In ruling upon Chen's petition for review, we must consider only the administrative record. See 8 U.S.C. § 1252(b)(4)(A); Berishaj v. Ashcroft, 378 F.3d 314, 328 (3d Cir. 2004). With the exception of the five photographs, the documents Chen has included in his appendix are part of the record and thus properly before us. Accordingly, we will grant the Government's motion to strike but only to the extent it seeks to strike the photographs. In all other respects, we will deny the Government's motion.

2

We have jurisdiction to review the BIA's order denying Chen's motion to reconsider.[1] See Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir. 1986); Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). We review the denial of a motion for reconsideration for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992) (noting the broad deference due the BIA's decision); Nocon, 789 F.2d at 1033. Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

Based on our review of the record properly before us, we conclude that the BIA did not abuse its discretion in denying Chen's motion for reconsideration. A motion to the BIA to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Chen fails to specify, either in his motion for reconsideration or in his brief on appeal, any such errors.

We have also independently searched the record for any error by the BIA in denying the motion to reopen as untimely such that reconsideration was warranted.

---

[1] The only order currently subject to our review is the order denying Chen's motion for reconsideration. See Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). Thus, we cannot consider his argument that the IJ and BIA wrongly denied his application for asylum. We note also Chen's assertion that in February 2005, he began practicing Falun Gong, a religion he believes he will not be allowed to practice if he returns to China. If this is an attempt to raise a new claim of religious persecution, Chen has never raised it to the IJ or the BIA, and we cannot consider it. See 8 U.S.C. § 1252(d); Bhiski v. Ashcroft, 373 F.3d 363, 367 (3d Cir. 2005). Even if he had presented this claim to the BIA in his motion for reconsideration, a new ground for relief does not constitute an error of fact or law warranting reconsideration. See 8 C.F.R. § 1003.2(b)(1).

3

Under the applicable regulation (subject to exceptions not relevant here), a motion to reopen "must be filed no later than 90 days after the date" the final removal decision was rendered. 8 C.F.R. § 1003.2(c)(2). Plainly, Chen's motion to reopen was untimely – the BIA issued its order of removal in March 2004 and Chen filed his motion to reopen in October 2004. To the extent Chen asserts that he never received a copy of the BIA's order affirming the IJ's decision, the administrative record confirms that a copy was served on Chen's attorney at his latest address of record. See 8 C.F.R. § 292.5(a) (requiring notice to attorney of record where alien is represented). No further notice is required.

In sum, we find no basis to conclude that the BIA abused its discretion in denying Chen's motion for reconsideration. Accordingly, we will deny the petition for review. The Government's motion to strike Chen's appendix is granted in part and denied in part as described herein.

4